Good morning, this is Terrence Jones on behalf of plaintiff and appellant Melody Kemsley. Okay, go ahead, Mr. Jones. May it please the court, I think that the first thing that I would want to emphasize on behalf of her position is not that any prior EEOC charge on any grounds can be the predicate for a subsequent Title VII retaliation claim. I certainly understand the tension that employers feel about this notion of a get out of jail free card. Right. So we don't want employees to file EEOC charges on issues that are not protected under the statute. You know, we don't want employees to say I was fired because, you know, my manager just didn't like my perfume. And then have the opportunity to sort of lord that over the employer for when there is a legitimate reason why they're fired. And they can say, well, you can't get rid of me now that I have a prior EEOC complaint. That's not Ms. Kemsley's argument. It never has been. But certainly the law is such that you can be wrong. You don't have to win your EEOC complaint. But we don't want you to exploit it by relying upon something that was not protected under the act. So, you know, here there's a reason why, you know, the government did not below and has not here tried to characterize the nature of Kemsley's underlying EEOC complaints. Because, you know, they know, I know that those complaints certainly do set forth protectable grounds under Title 7. They're just not in the record. But what we emphasize in the complaint and in the briefing is that the reason for that is that, you know. What did she allege in those EEOC complaints? You refer to them in the complaint and you can, for purposes of evaluating under Rule 12B-6, you can look at the allegations in the complaint. You can look at any documents that are referenced in the complaint, as well as, you know, anything that's properly subject to judicial notice. So you didn't attach them, but you could have. What was alleged in those complaints? What was alleged was that she had been discriminated against on behalf of her or because of her gender and because of her religion and because of her race. And the complaints detail the reasons why she believed that. And, you know, certainly those the details of those complaints were alleged in the district court complaint. They weren't attached. But that's the reason why we're here. But what we did say is that, you know, there is a administrative record, so we wouldn't be here unless those complaints were exhausted. And we wouldn't be here unless the Postal Service knew what the basis of those underlying complaints were. So that's why the argument is just that. I mean, you know what? We don't have those complaints, but we do have the district court's opinion, which mentions nothing about it. In fact, the district court's opinion says that's the problem is that she didn't allege any of those things. So you're saying the district court just completely ignored what was in the complaints and just blew it here? What I'm saying is to the extent that the district court wondered, did not know what the basis of those complaints were, then it should have granted plaintiff's request to amend to lay out that basis. And it was air for the district court to assume that those complaints had nothing to do with title seven protected characteristics. So I'm real clear. I mean, we don't have the complaints, but the district court characterizes these complaints as complaining about the fact that these people were abusing the leave. I assume that was in the complaints. You're not saying that wasn't in the complaints? That was in the complaints as a matter of context. That was part of the EEOC complaint, but you're saying that in addition to that, she also had race, gender. She was also alleging discrimination based on those things. Absolutely. Explicitly or implicitly? Are you saying she did it explicitly? Explicitly, as in on a typical EEOC charge, it's a form and you check the boxes first and foremost for the basis of the protected characteristics. So you check race, you check religion, you check gender, and then you go on to explain in your narrative the basis of that belief. I think all of this begs the question, well, why then include an explanation or a background about an unprotected issue if that's not the basis of your retaliation complaint? I think the answer is a practical one. It's just a matter of background circumstance. Counsel, is there anywhere in the record that we have before us that the basis for her complaint was one of the protected Title VII categories? Is it anywhere? Nowhere explicitly other than a general reference to the fact that there were other grounds for retaliation other than leave misuse complaints in the underlying EEOC complaint. So that's the issue, is the district court have allowed an amendment to further clarify that issue rather than assuming that the retaliation was based only upon that issue. So why weren't those categories proffered to, or that information proffered to the district court? So the district court, I mean, had no idea, it sounds like, that you were even making that complaint. I think there was a misunderstanding on Kimberly's part in opposing the motion to dismiss. The motion to dismiss never, by the government, never tried to attack the basis of the underlying EEOC complaint saying that they were not based upon protected categories. It would be disingenuous for the government to do that and deliberately obtuse because they would have known, given that there is always administrative litigation before you can even come to district court, that those complaints were, in fact, based upon protected categories. So their argument was not, you know, hey, dismiss this case because the entirety of her prior EEOC complaints is that, the entire basis is that, oh, she's complaining about leave use and that's unprotected. The first argument they advanced was, well, it's unclear which bases of the underlying complaints, EEOC complaints, you know, were in district court on. So please clarify. And then it was, and also, you know, leave use is not protected. So, you know, plaintiff would concede that we did not attach or proffer the basis of the underlying complaints, but it didn't appear at the time to be an issue. It, you know, because everyone knows who does these cases in reality, you have the administrative record and there was administrative litigation on those EEOC complaints before you even get to district court. So, you know, the inclusion of the leave use really was just a matter of background circumstance, because it's often the case that some kind of unprotected issue under the statute can give rise, reveal, or exacerbate animosity based upon a title system. The story that's told in a complaint, if you read the complaint, is all about the protesting and the concern over the misuse of the leave by her and her friend and by the concerns expressed, the frustration expressed with Mr. Chow, I believe his name was, who through his own investigation uncovered or discovered the emails disclosing, quote, unquote, protected information. But, you know, I read it and I did notice that you alleged that there were other bases or other things, I think, is what the word was. Here's an example. Let's say, let's say an employee and an employer, manager, supervisor, have a dispute over nepotism. The manager, you know, wants to hire, you know, his brother's company to be, you know, their vendor for something. And the supervisory, you know, the subordinate complains about that. You know, nepotism is not, you know, a protected characteristic, protected issue under Title VII. Right. But just because you use that as a vehicle for explaining the circumstance doesn't mean that there's not a Title VII issue at hand. Because what happens if the manager says, well, see, this is why I don't hire women, because they always, you know, complain. This is why I don't, you know, promote black people, because they're always protesting. So just because you, you know, use a story that is premised on non-protected issues doesn't mean that it doesn't reveal discrimination, retaliation based upon Title VII. And that was unclear in the complaint. Okay. Let's hear from the government and then I'll give you a minute for rebuttal. Good morning, Your Honors. May it please the court. Assistant U.S. Attorney Aaron Carpenter for Defendant Apelli, Postmaster General of the United States. This court should affirm the decision of the district court because Kemsley did not state a falseful claim of retaliation. Kemsley did not demonstrate that she engaged in activity protected by Title VII or that a causal link existed between a protected activity and the adverse action. As there are no facts that can cure these deficiencies, the district court did not abuse its discretion in dismissing Kemsley's complaint with prejudice. Did you ask the district court to dismiss the case with prejudice? Your Honor, the government made a Rule 8 motion and its motion to dismiss. And it requested, because of Rule 8 violation, for dismissal without prejudice. But the district court did not find that there were any Rule 8 violations. In addition, the Postal Service requested dismissal of the complaint because it did not state a falseful claim of retaliation and that it did not demonstrate that Kemsley engaged in protected activity. But in your motion, did you argue that he could not correct the deficiencies in the complaint? Your Honor, the motion argued that he had not stated a promulgation case of retaliation. But did you argue that he could not? Answer my question. Did you argue that he could not? You knew the record at that time. Yes, Your Honor. It wasn't clear to the government that he could or couldn't. If you look at the charges that were filed with the EEOC, was the only thing that alleged was all this business about the use of time off? Was that it? Your Honor, the allegations, the charge made in the EEOC was not part of the record. It was not attached to the complaint. But the complaint refers to the charges. Yes, Your Honor, it does. It refers to the charges. So the charges weren't a part of the complaint and they weren't described in the complaint. Rather, what Kemsley did was describe that she believed that she was being retaliated against because of her internal complaints about leave abuse. Well, I gather from what you're saying is that she did check the boxes for gender or for race or whatever it might have been. Your Honor, I don't know that to be true. You haven't looked at it? You're telling me you haven't looked at the charges, the charge, the EEOC charge? At the initial stage of this action, the government looked towards the complaint, the description of the EEOC charges in the complaint, and material attached to the complaint. That is what it based its motion on. The other information was not part of the record. You didn't have the EEOC charges at the time you filed your motion? Your Honor, I don't believe I did. And indeed, when the government filed its motion, it based it on the description in the complaint and the attachment to the complaint. Your Honor, it was very clear from the 21-page, 109-paragraph complaint that Kemsley was complaining about internal complaints of leave usage. Indeed, it's for the very first time today that she even mentioned that her EEOC complaints were based upon a protective purview under Title VII. She had every opportunity to do so. I'll follow up on that. I guess I've been looking at the district court judge's order and then also looking at the opposing counsel's and Kemsley's opening brief. And it seems to me that what we've got here is I think this is the first time, unless I missed it in the briefing, this is the first time I've heard that, well, an EEOC complaint, they checked some boxes about protected grounds, gender, race, et cetera. So let's assume for a second. I don't know that we can even somehow, what, take notice based on counsel's saying that at this late stage. But let's assume for a second we could. What is your position on if we've got a complaint, a district court complaint that basically was all about, at least according to the district court judge, and when we look at the complaint, is all about this bad activity on leave violations. But then they say, yes, but also we did check some boxes on the EEOC complaints related to race, et cetera. Is that enough to require leave to amend, even if that fact was in front of us? Your Honor, I would note that that fact is not a part of the record, but I do understand your hypothetical. If those facts were part of the complaint, or if Kemsley had attached her EEOC complaint of discrimination with the boxes checked, it's likely it would be enough under the law because the learned case is instructive on this point. In order to engage in protected activity, opposing discrimination, and the like, the employee needs to have a reasonable belief that the participation or opposition is based on Title VII. So, again, if that fact was before the court, and it's not, it's not here and it's not below, it's not part of the record. But if that fact were a part of the record, I don't think we'd be in this position today. Although I would note that the court also found, based on the record, that Kemsley could not demonstrate but for causation. And that's because she conceded to engaging in the activity for which she was terminated. There's no dispute about that. Did the district court hold a hearing? No, Your Honor. Submitted it on the briefs. That's correct, Your Honor. But I would note that Kemsley did have opportunities to amend. And I'd first point out that she filed quite a lengthy complaint. It was detailed. It was exhaustive on what she believed was the predicate activity. And that was internal complaints about leave usage. She also had the opportunity to amend her complaint as a matter of right under federal rule of civil procedure 15. You know, as I read your motion that you filed in the district court, it just seemed to me that you were, you wanted to clean up the complaint under Rule 8. There was excess verbiage, and he made accusations about Mr. Schau, the lawyer, and you wanted those stricken. And then you complained about the emphasis or the allegations relating to the overtime or the leave usage policy, which is not a protected activity. But I didn't get the hint from your motion that you expected this case to be dismissed with prejudice. Your Honor, what I expected was— That was not the theme of your motion at all. It's generally the case, you know, something like this, is you give somebody leave to amend it. Our case law, if you read our case law, we're very generous in encouraging district courts to give leave to amend at least once. That wasn't done here. Your Honor, what Kinsley did, though, is rather than take advantage of Rule 15, she opposed the motion to dismiss, and in doing so, told the court how she would amend her complaint to get around the problem. But those proposed amendments did not in any way address her failure to allege that she had engaged in protected activity under Title 7. Rather, the proposed amendments only went to causation. So what Kinsley proposed to the court, she said, OK, court, I can amend my complaint. I can fix the problems that the government sees. Here's how I'm going to do it. I'm going to delete the motivating factor language that I put in my first cause of action for wrongful termination, and I'm going to replace it with the but-for language. It didn't say anything else. And indeed, Kinsley, before this court, parroted those same claims. Indeed, I think she provided in her opening brief the proposed amendments. And those proposed amendments did not in any way address, again, her failure to demonstrate that she engaged in activity protected by Title 7. Her failure to do so left the district court. I'm still... The way I read the record, I was surprised, actually, that the district court just dismissed the case with prejudice. Your Honor, Kinsley had every opportunity. She followed... I understand your argument. I understand. I'd probably make the same argument myself. Well, wear her in your shoes. Thank you, Your Honor. Mr. Counselor, one thing to build on what Judge Paez is... And you were talking about... We're talking now about what Ms. Kinsley did or didn't do in the district court. But if she's going to come before us and say they should have granted me leave to amend, what are we going to do? What obligation does she have if she says... I think this is the first time I'm hearing, even after reading the brief, that these boxes were checked in the EEOC complaint. So I feel like I'm sort of... I feel a little bit like I'm getting fed out a little bit of facts at each level here. Is that enough? Or does Kinsley have to tell us what she would have said? Your Honor, I think she'd need to go further. I think she'd need to reasonably describe what her belief was regarding the discrimination. I think she would need to describe what it was that she felt was the prohibited practice under Title VII. She's not done that. She didn't do that prior to today. She didn't provide those facts to the district court. There was no record of it. And she hasn't done it today. And based on that, Your Honor... You can tell... Maybe her counsel can... It's a little bit more than just the check in the box. Is she going to argue if she was granted a... As long as no one asks any questions. Yes, Your Honor. I think that my time is right. If there are no other questions... Just in response to Judge Van Dyke's... One thing that... I thought about this concern. Which is, it seems to me that counsel... All counsel have an obligation under Rule XI. That if you say... You know, you're going to amend... And here's what you're going to allege. That you have an obligation under Rule XI to be honest. And if you're not, you can be subject to pretty severe sanctions under Rule XI. Isn't that right? Yes, Your Honor. Okay. Let's hear from... The other side's got one minute for rebuttal. Thank you, Your Honor. You know what? I would say this. Certainly, I understand the gravity of where we are. I'm on the other end of a dismissed case before the Ninth Circuit. But I would say that this was more of a practical concern for me. I'm the one that drafted the District Court complaint. And it's one of those issues that plaintiff's attorneys deal with all the time. You're darned if you do. You're darned if you don't. Because the more detail you put in the complaint, then the more fodder there is for a motion to dismiss. So you try to find the right balance. And here, the issue for me was, why would we have to detail all of the bases of the underlying EO complaints when everyone knows what those bases were? Because in reality, there is administrative litigation. I should say that I was an AUSA in this district, in the Civil Division, for many years, just like government counsel, and did the same exact job and always had the administrative record before I answered or responded to a complaint and so always knew the bases of those underlying complaints. So it would have been disingenuous for me to come in and say, oh, these were not based upon Title VII protective characteristics because I would have been able to see those administrative complaints and see that those boxes were checked and see the narrative that was attached to them. So I think the expectation here on all parties, whether government counsel wants to admit it or not, is that this was not going to be a dismissal with prejudice. It was going to be a dismissal with, okay, the court is concerned with what the basis of these underlying complaints is, so please add that detail. And that could have easily been done. What's your obligation to provide that information to the judge, though, as part of your complaint? Because the judge is just looking at what you've alleged, doesn't know, doesn't have access to the EEOC complaints. And here we're looking at it for an abuse of discretion standard. So based on the record that we have before us, how can you say that there's abuse of discretion? Well, I think that the standard under the law is to at least allege that you fully exhausted your administrative remedies, which is to say that you filed a charge, went through the process, and got a final agency decision or decision from an ALJ, which we did allege in the complaint. So to the extent that there was some question, and I would emphasize again that there was no argument that those complaints did not allege Title VII violations, which is why we did not respond directly to that issue. So to the extent we made out sort of our prima facie burden of establishing exhaustion, we believe that we met that burden. And I would add that it was no one's expectation that the judge was going to pass judgment on the merits of the case and say, oh, well, since Kinsley has conceded this violation, that even if you were amended, I don't believe that you can prove your claim. That essentially cleaves off the other half of the McDonnell-Douglas burdenship. Okay. Okay, counsel. Thank you. We appreciate your arguments on both sides. And the matter is submitted.
judges: Paez, Immergut, Vandyke